UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LENDON C. POPE,<br><br>               Plaintiff,<br><br>vs.<br><br>SARAH K. ZUMWINKEL,<br><br>Serve at:    40385 Anchor Way<br>                Steamboat Springs, CO 80487-9587<br><br>               Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW Plaintiff, LENDON C. POPE, by and through his attorney, Nathan S. Cohen, and for his Complaint against Defendant, SARAH K. ZUMWINKEL, states and alleges as follows:

### **FACTUAL STATEMENT**

1. This is a civil action arising out of an action undertaken by Defendant to undertake a scheme designed to take property belonging to and in the name of Plaintiff through manipulation and coercion. The actions undertaken by Defendant to deprive Plaintiff of his property and his rights involved an elaborate scheme taking place over the course of several months. Said scheme involved Defendant luring Plaintiff into the belief that Defendant was desirous of a long-term relationship leading to marriage.

2. Within a very short time of meeting each other, Defendant insisted on taking up residence with Plaintiff and through a series of actions and misleading statements, Defendant was able to misappropriate, steal, and otherwise remove property of Plaintiff from Plaintiff's possession.

**STATEMENT OF JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 USC §1332, as the parties hereto are citizens of different states and the matter in controversy exceeds the jurisdictional amount of $75,000.00.

4. Further, subject matter is also conferred in this action because pendent jurisdiction and supplemental jurisdiction pursuant to 28 USC §1367.

5. Venue is proper in this district pursuant to 28 USC §1391 because Plaintiff is a resident of this district and the acts giving rise to the claims of Plaintiff herein occurred within this judicial district and that upon and after Defendant accomplished her scheme to deprive Plaintiff of substantial property and assets, Defendant absconded with said property and assets to the State of Colorado.

**PARTIES**

6. Plaintiff is an individual over the age of 18 and at all times relevant herein is and was a United States citizen residing in the State of Missouri.

7. Defendant is an individual over the age of 18 and at all times relevant herein is and was a United States citizen currently residing in the State of Colorado.

**AVERMENTS COMMON TO ALL COUNTS**

8. Shortly after Plaintiff and Defendant met, Defendant insisted that Plaintiff and Defendant live together.

9. At the time this occurred, the parties had been "dating" only a short while.

10. Shortly after living in their new home, Defendant, having been previously made aware of Plaintiff's ownership in bitcoin, prevailed upon Plaintiff to secure the bitcoin by removing it from a "hot wallet" into a "cold storage wallet."

11. Prior to that, Plaintiff had maintained ownership and control of his bitcoin in a hot wallet under his control and maintained on his secure server.

12. Although Defendant was aware of this arrangement, Defendant, who also held some bitcoin, insisted that the cold storage was essential for security of the bitcoin and she prevailed upon Plaintiff to move his bitcoin to a cold storage wallet on Defendant's server.

13. Under this guise, the cold storage required three separate access cards and in order to access the bitcoin, two of the storage cards need to be present at the time of the transaction.

14. Defendant insisted she be named on one of the access cards and prevailed upon Plaintiff to name her mother as an additional card holder for Plaintiff's bitcoin.

15. Shortly thereafter, Defendant informed Plaintiff that it was important that they sleep separately. Defendant specifically insisted that Plaintiff sleep in the basement of the residence while Defendant occupied the main floor.

16. Plaintiff purchased a bed for this purpose. This bed was purchased during the time period the relationship at a cost of Plaintiff of approximately $6,098.00.

17. Sometime thereafter, and after, Plaintiff and Defendant entered into counseling at the request of Defendant and with Defendant's therapist.

18. Around this time, Plaintiff presented Defendant with an engagement ring.

19. Said engagement ring had a value in excess of $15,000.00.

20. Shortly after the engagement, Defendant informed Plaintiff that she "needed space" and had Plaintiff promise to enter into a "no-contact order."

21. Pursuant to the terms of the "no-contact order," Plaintiff was unable to reach out by any form of communication to Defendant. Defendant indicated the only form of contact she would tolerate or receive from Plaintiff would be financial assistance.

22. Plaintiff was required to return to his prior residence that was empty of furniture and furnishings, taking with him only a single service of dinnerware.

23. Unbeknownst to Plaintiff, Defendant had set into motion a plan to vacate the residence the parties shared and take Plaintiff's property, including the bitcoin and the access cards.

24. At one point during the "no-contact order" time frame, Plaintiff had responded to the residence pertaining to an issue unrelated to the parties but related to the residence. Defendant informed Plaintiff at that time that he had breached their agreement and that Plaintiff "crossed the line."

25. However, Defendant still insisted on maintaining the no-contact requirements and indicated she would not permit Plaintiff to return to the rental residence.

26. After the passage of time in which the "no-contact order" would "expire," Plaintiff reached out to Defendant, without avail.

27. Plaintiff returned to the parties' shared residence to find that Defendant had removed Plaintiff's personal property, the bed recently purchased by Plaintiff.

28. When Plaintiff was unable to locate the access cards for the bitcoin cold storage which held the bitcoin belonging to Plaintiff, he informed Defendant that his security access card was missing.

29. At that time, Defendant held two of the cards, one in her name and one in her mother's name, which enabled Defendant access to Plaintiff's bitcoin.

30. Though Defendant called off the marriage, she failed to return the engagement ring.

31. The engagement ring is the property of Plaintiff pursuant to *Clippard v. Pfefferkorn*, 168 SW3d 616 (Mo. Ct. App. 2005).

32. Subsequently, Plaintiff began noticing irregularities on his credit card statements. One transaction noted was for a stay at a hotel where Plaintiff did not stay or was aware that Defendant had utilized his credit card to pay for and make the reservation for the hotel stay.

33. When Plaintiff confronted Defendant with the transaction, Defendant became volatile and threatening.

34. Subsequently, and as recently as July 20, 2025, Defendant continued to use Plaintiff's credit cards to purchase items without Plaintiff's permission, authority, or concern.

35. Plaintiff is and was at all times herein, the sole account holder and sole authorized user and signatory of his credit card accounts.

36. When Plaintiff sought explanation as to his property, including his bitcoin, Defendant left the State of Missouri and blocked Plaintiff from all access Defendant through any social media, email, text messaging, and the like.

37. The value of the bitcoin taken and retained, misappropriated and stolen by Defendant exceeds $150,000.00.

38. Defendant's theft of Plaintiff's property involved the transfer of his property, accounts and assets across state lines.

39. Defendant's wrongful use of Plaintiff's credit cards involve transactions that crossed state lines.

**COUNT I – Restitution**

COMES NOW Plaintiff, by and through counsel, and for Count I of his Complaint against Defendant, states and alleges as follows:

40. Plaintiff restates and reasserts each allegation contained in paragraphs 1 through 39 of this Complaint as if more fully set forth herein.

41. Plaintiff has been deprived of property and assets valued at approximately $200,000.00.

42. Defendant did not provide consideration to Plaintiff to receive this property and assets, nor did Defendant receive Plaintiff's property and assets by way of gift.

43. Defendant's possession of Plaintiff's property and assets is an equitable and in violation of Plaintiff's rights to possess his property and assets.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, including, a) a judicial determination and declaration of his entitlement to the possession of $200,000.00 taken by Defendant; b) pre-judgment interest; c) costs; d) attorney's fees exceeding $5,000.00, and accumulating; and for such other and further relief this court deems just and proper in the premises.

**COUNT II – Unjust Enrichment**

COMES NOW Plaintiff, by and through counsel, and for Count II of his Complaint against Defendant, states and alleges as follows:

44. Plaintiff restates and reasserts each allegation contained in paragraphs 1 through 43 of this Complaint as if more fully set forth herein.

45. Defendant has been unjustly enriched by possessing more than $200,000.00 of property and assets belonging to Plaintiff, which she has obtained by theft and misappropriation.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint in the amount of $200,000.00, plus pre-judgment interests, and for an award of attorney's fees in the amount of $5,000.00, and continuing, and for costs incurred by Plaintiff herein, and for such other and further relief this court deems just and proper in the premises.

### COUNT III – Conversion

COMES NOW Plaintiff, by and through counsel, and for Count II of his Complaint against Defendant, states and alleges as follows:

46. Plaintiff restates and reasserts each allegation contained in paragraphs 1 through 45 of this Complaint as if more fully set forth herein.

47. Defendant exercised dominion and control of over $200,000.00 of Plaintiff's property and assets by reason of her theft of property and assets from Plaintiff.

48. The acts of Defendant were done knowingly, willfully, and wantonly and were committed for the purpose of stealing from Plaintiff by engaging in a scheme in which to appropriate property and assets from Plaintiff by devising false claims about the parties' relationship.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Complaint in the amount of $200,000.00, plus pre-judgment interests, and for an award of attorney's fees in the amount of $5,000.00, and continuing, and for costs incurred by Plaintiff herein, and for such other and further relief this court deems just and proper in the premises.

## COUNT IV – Civil Conspiracy

COMES NOW Plaintiff, by and through counsel, and for Count IV of his Complaint against Defendant, states and alleges as follows:

49. Plaintiff restates and reasserts each allegation contained in paragraphs 1 through 48 of this Complaint as if more fully set forth herein.

50. Defendant's conduct, as aforesaid, involved a scheme where Defendant would, by theft and misappropriation, obtain and take Plaintiff's property and assets and utilize his credit card account and access to Plaintiff's bitcoin by joining her mother as to the security access card to the bitcoin owned by Plaintiff and by utilizing this access card and by leaving with the cold storage wallet and the serve on which it was maintained and two cards necessary to access the bitcoin, and conspired with her mother to access the bitcoin.

51. The acts of Defendant, specifically by including her mother, were designed to deprive Plaintiff of his rights.

52. The taking of Plaintiff's property and assets and deprivation of Plaintiff's rights was both egregious and intentional.

53. Defendant, with her mother, acted and concocted together a scheme which resulted in a conspiracy as defined under 18 USC §1962(d).

54. Defendant, with her mother, combined together and directed and utilized a scheme that resulted in the transfer of Plaintiff's property and assets to Defendant with control by Defendant and her mother.

55. Defendant, with her mother, had a meeting of the minds with an objective to carry out the scheme as described herein, to include moving to the State of Colorado in an effort to deprive access to relief by Plaintiff.

56. As a result of Defendant's actions, in concert with the actions of her mother, Plaintiff has been damaged.

57. The conduct undertaken by Defendant, together with her mother, was undertaken intentionally and with a conscious disregard to Plaintiff's rights.

58. As a result of the conduct undertaken by Defendant, together with her mother, Plaintiff is entitled to treble damages as set forth by statute under 18 USC §1961.

59. Plaintiff's damages are not less than $200,000.00, thereby entitling Plaintiff to a judgment of not less than $600,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint in the amount of $600,000.00 for treble damages, plus pre-judgment interests, and for an award of attorney's fees in the amount of $5,000.00, and continuing, and for costs incurred by Plaintiff herein, and for such other and further relief this court deems just and proper in the premises.

LAW OFFICE OF NATHAN S. COHEN

By: /s/ Nathan S. Cohen
Nathan S. Cohen, #36072
Attorney for Plaintiff
210 South Bemiston Avenue
St. Louis, MO 63105
(314) 727-6088 - Telephone
(314) 727-6081 - Facsimile
nathan@nathanscohen.com

9